J-S36041-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVALIN CHARLES BENNETT, | : | |
| | : | |
| Appellant | : | No. 194 WDA 2015 |

Appeal from the PCRA Order Entered December 19, 2014,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0001759-1998,
CP-02-CR-0001402-1998, and CP-02-CR-0001761-1998

BEFORE:    PANELLA, JENKINS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED: July 10, 2015**

Davalin Charles Bennett (Appellant) appeals *pro se* from an order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The background underlying this matter can be summarized as follows.

> The record reveals that a jury found [Appellant] guilty of one count of criminal homicide (18 Pa.C.S.A. § 2501(a)) and two counts of unlawful possession of a firearm (18 Pa.C.S.A. § 6106(c)) on April 20, 1999.  On May 4, 1999, the trial court imposed a life sentence for homicide and a consecutive 7 to 14 years of incarceration for the firearms charges.  [Appellant] filed a timely notice of appeal on June 3, 1999.  This Court affirmed [Appellant's] judgment of sentence on December 20, 2000. [Appellant] did not seek Pennsylvania Supreme Court review.
>
> [Appellant filed his first] PCRA petition on July 26, 2011, asserting that he was entitled to relief based on newly discovered evidence.  That evidence consist[ed] of an affidavit from a witness recanting a statement he gave to the police…. [T]he [PCRA] court dismiss[ed] [Appellant's] PCRA petition [as

*Retired Senior Judge assigned to the Superior Court.

untimely filed] on May 29, 2012. [This Court affirmed that order, and the Supreme Court denied Appellant's petition for allowance of appeal.]

***Commonwealth v. Bennett***, 69 A.3d 1299 (Pa. Super. 2013) (unpublished memorandum at 1-2), *appeal denied*, 74 A.3d 1029 (Pa. 2013).

On October 21, 2014, Appellant *pro se* filed another PCRA petition. On November 6, 2014, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 that it intended to dismiss the petition without holding an evidentiary hearing because Appellant untimely filed his petition. The court dismissed the petition as untimely filed on December 19, 2014. Appellant timely filed a notice of appeal. He subsequently *sua sponte* filed a Pa.R.A.P. 1925(b) statement, and the PCRA court authored an opinion in support of its order.

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010).

Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." ***Chester***, 895 A.2d at 522. "Thus, '[i]f a PCRA petition is untimely, neither this Court nor

- 2 -

the trial court has jurisdiction over … the substantive claims.'" ***Id.*** (quoting ***Commonwealth v. Lambert***, 884 A.2d 848, 851 (Pa. 2005)). Therefore, before we can address the two issues Appellant presents in his brief, we must determine whether the PCRA court properly dismissed Appellant's PCRA petition as untimely filed.

This Court affirmed Appellant's judgment of sentence on December 20, 2000. Appellant had 30 days to petition our Supreme Court for allowance of appeal. Pa.R.A.P. 1113(a). He did not do so. Thus, for purposes of the PCRA, Appellant's judgment became final in January of 2001. He, therefore, had until January of 2002, to file timely a PCRA petition.

Because Appellant untimely filed his PCRA petition in October of 2014, he had the burden of pleading and offering to prove one of the following exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Furthermore, "[a]ny petition invoking an exception provided in [subsection 9545(b)(1)] shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

We begin by observing that Appellant's petition fails to make clear what his underlying claim is. Without developing any particular issue, Appellant's PCRA petition makes reference to any number of claims, including after-discovered evidence, violations of various constitutional rights, and a **Brady**[1] violation. He attempts to qualify his untimely-filed petition under an exception to the PCRA's time bar by invoking the exception found at 42 Pa.C.S. § 9545(b)(1)(ii).

As to the facts upon which Appellant's amorphous claim is predicated, Appellant asserts, in part,

> On September 10, 2014, petitioner received a signed affidavit via U.S. mail from a Raymond Starks asserting how petitioner's key witness Antionette Hooten[2] lied in

---

[1] **Brady v. Maryland**, 373 U.S. 83 (1963).

[2] Hooten testified at the coroner's inquest but was deceased by the time of Appellant's trial. Her testimony implicated Appellant in the murder for which he was convicted. At trial, the Commonwealth read her testimony from the coroner's inquest to the jury.

We further observe that Appellant attached to his first PCRA petition an affidavit from Darrale Gaines. Gaines originally told police that he witnessed Hooten bring the victim to Appellant, who drew a firearm and led the victim away. **Commonwealth v. Bennett**, 69 A.3d 1299 (Pa. Super. 2013) (unpublished memorandum at 4). He then heard two gunshots. **Id.** In his affidavit, Gaines stated that he witnessed Hooten shoot the victim. **Id.**

- 4 -

her testimony at the coroner's inquest hearing which resulted in her being excused from "all" charges. …

\*\*\*

Petitioner could not have discovered this evidence sooner with the exercise of due diligence because it is evidence that was unknown to the petitioner. Simply because petitioner did not <u>know</u> a Mr. Raymond Starks prior to uncovering of the evidence.

PCRA Petition, 10/27/2014, at unnumbered pages 3-4 (emphasis in original).

Appellant attached to his petition an affidavit purportedly signed by Raymond Starks. The affidavit is notarized and dated June 12, 2014. It states, in relevant part,

During the month of May, in 1998, while visiting my family in Pittsburgh, Antionette Hooten, told me that she had avoided prosecution by receiving a deal from the District Attorney and Homicide detectives in exchange for giving a [*sic*] incriminating statement and testimony against [Appellant]. She also said that she lied about everything.

*Id.* at 7.

The PCRA court addressed and rejected Appellant's most recent PCRA petition as follows.

The [c]ourt first wishes to note that this PCRA petition is not the first time [Appellant] has raised the claim of after discovered evidence. In the past he has claimed after discovered evidence because: (1) of two newly found eyewitnesses - Ronald Coker and Raymond Phillips; (2) of an alleged June 14, 2011, statement by Darrale Gaines that [] Hooten made a statement against interest, to Tia Russell, that the statements made by Hooten implicating [Appellant] were false. [Appellant] now claims that in September of 2014, he

received an affidavit from Raymond Starks, stating Hooten lied on the stand.[3]

The [c]ourt finds that this latest attempt by [Appellant] to assert newly discovered evidence must fail. The time period [] between the 1997 murder and the affidavit was received in 2014 indicates a lack of reliability of the statement. Also, the totality of the evidence presented at trial including the admission of [Appellant] to a witness that he killed [the victim] shows sufficient evidence to support [Appellant's] convictions. Because of the unreliable nature of the "after discovered evidence" as discussed above, the [c]ourt finds the evidence would not likely result in a different verdict if a new trial were granted….[4]

PCRA Court Opinion, 3/5/2015, at 3-4.

"It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." **Commonwealth v. Miner**, 44 A.3d 684, 688 (Pa. Super. 2012). Appellant has failed to meet his burden. More specifically, just like his PCRA petition, Appellant's brief to this Court fails to identify what the nature of his claim is. Moreover, in terms of assigning error to the manner in which the PCRA court disposed of his petition, Appellant baldly asserts, "The trial court's decision to dismiss appellant's PCRA petition was a legal error and unreasonably applied pursuant to Brady v. Maryland, 373

---

[3] Appellant's brief refers to yet another previously unknown witness, James Jackson, who allegedly is incarcerated with Appellant and witnessed Hooten doing drugs on the day of the murder. Appellant's Brief at 5. Appellant attached to his appellate brief an affidavit which he purports is from Jackson. Appellant also attached this affidavit to his 1925(b) statement. However, Appellant's PCRA petition makes no mention of Jackson.

[4] At times, the PCRA court appears to conflate the elements of an after-discovered-evidence claim with the newly-discovered-facts exception to the PCRA's jurisdictional time-bar. However, Appellant assigns no error to the court's analysis in this regard.

U.S. 83 (1963)." Appellant's Brief at 4. Perhaps of most significance, Appellant's brief fails to address adequately how his untimely-field PCRA petition meets the timeliness exception he invoked in that petition.

Appellant has failed to convince us that his petition meets one of the timeliness exceptions to the PCRA's strict time-bar. Thus, the PCRA court was without jurisdiction to entertain the merits of any claim potentially raised with the petition. We therefore hold that the court properly dismissed Appellant's complaint as untimely filed. Our conclusion in this regard renders moot any other argument Appellant attempts to raise on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 7/10/2015